Date signed September 30, 2013



JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| GEORGE and JOAN CLARK, | * | Case No. 09-27955-JS |
| Debtors | * | (Chapter 7) |

* * * * * * * * * * * *

| | | |
|---|---|---|
| GUARANTEE CO. OF NORTH AMERICA, USA, and | * | |
| AEGIS SECURITY INSURANCE CO., | * | |
| Plaintiffs | * | |
| v. | * | Adv. Proc. No. 10-00063-JS |
| GEORGE AND JOAN CLARK, | * | |
| Defendants | * | |

* * * * * * * * * * * *

***MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS THE INSTANT ADVERSARY PROCEEDING AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT***

The matter before the Court is the plaintiffs' amended complaint to determine nondischargeability of debt and to avoid fraudulent transfer, the defendants' motion to dismiss and the plaintiffs' motion for summary judgment. For the reasons set forth in this opinion, the defendants' motion to dismiss will be granted, the plaintiffs' motion for summary judgment will be denied and the instant adversary proceeding will be dismissed with prejudice.

## *FINDINGS OF FACT*

1. The plaintiffs are the Guarantee Company of North America USA ("GCNA"), and the Aegis Security Insurance Co. ("Aegis") (hereafter "plaintiffs").

2. GCNA is a stock insurance company originally incorporated under the laws of New Jersey, and is the successor in interest to Mid-State Surety Corporation ("Mid-State"), doing business at 25800 Northwestern Highway, Suite 720, Southfield, Michigan.

3. Aegis was incorporated under the laws of Pennsylvania, with its principal place of business located at 2407 Park Drive, Harrisburg, Pennsylvania.

4. The defendants, George I. Clark, Jr., and Joan B. Clark ("the Clarks," or "the debtors"), are Chapter 7 debtors in this Court. They were the owners of Climate Masters, Inc. ("Climate Masters"), a business that has not operated since 2003.

5. Climate Masters contracted with the U.S. Government to perform work for the U.S. Fish and Wildlife Service on a Federal project known as "Renovation of Hunting Lodge at the Eastern Neck National Wildlife Refuge, Rock Hall, Maryland."

6. Aegis and Mid-State as sureties issued performance and payment bonds to Climate Masters, each in the amount of $396,054, to guarantee its performance on the project, as required by Federal law.

7. On July 18, 1999, the debtors executed an agreement with Aegis and Mid-State to indemnify the sureties against all losses stemming from the issuance of the bonds (the "Indemnity Agreement").

8. In March 2002, Aegis filed suit against the Clarks in the Circuit Court for Queen Anne's County, Maryland, for their alleged breach of the Indemnity Agreement, and obtained a consent judgment against them in the amount of $27,500 (the "Consent Judgment").[1]

9. On February 20, 2004, the Consent Judgment was recorded among the land records of Anne Arundel County, Maryland, the county in which the debtors' residence is located, identified as 201 Linden Avenue, Edgewater, Maryland ("the real property").

---

[1] Therefore, the Clarks' alleged breach of the Indemnity Agreement, fraudulent or otherwise, must have occurred before March 2002, when the plaintiffs brought suit in Queen Anne's County.

10. Upon the Clarks' failure to tender payments under the Consent Judgment, Aegis undertook collection actions against the debtors.

11. Through discovery undertaken in conjunction with the collection actions, Aegis learned that the Clarks had encumbered the real property by way of a deed of trust in favor of Becky L. Weidmaier ("Weidmaier"), in the amount of $208,000, dated May 14, 2003, which was recorded among the land records of Anne Arundel County, Maryland, in Liber No. 13400, folio 763 on July 21, 2003.  Weidmaier is the niece of Joan B. Clark.

12. The deed of trust named Leonard Auchincloss ("Auchincloss") as trustee and Weidmaier as sole beneficiary to be paid the sum of $208,000 over a period of five (5) years ending May 14, 2008.

13. On March 27, 2008, Aegis brought suit against the Clarks, Auchincloss and Weidmaier in the Circuit Court for Anne Arundel County, Maryland, to set aside the deed of trust as a fraudulent conveyance, pursuant to the Maryland Uniform Fraudulent Conveyance Act, Md. Com. Law Code §§ 15-201 through 15-214, the same basis as Count II of the present suit.

14. On September 14, 2009, counsel for Aegis filed a motion for default against all defendants, none of whom filed an answer or other responsive pleading to

the complaint. It does not appear from the record that the Circuit Court ever ruled upon the default motion.

15. On September 23, 2009, the date upon which the Clarks filed their Chapter 7 petition, the suit in Anne Arundel County was still pending.

16. On January 29, 2010, the plaintiffs filed two complaints in this Court, the first in the instant adversary proceeding, Adv. Proc. No. 10-00063, entitled "Complaint Objecting to the Dischargeability of Judgment Liens of Plaintiffs Upon Real Property of Debtors," which sought the avoidance of the 2003 deed of trust, and a second complaint (Adv. Proc. No. 10-00062), entitled "Complaint Objecting to the Dischargeability of Debtors' Indemnity Agreement Obligations."

17. On September 30, 2011, the plaintiff filed the instant amended two-count complaint, which combined the allegations contained in the original, separate complaints.[2]

18. Aegis claims that it has incurred total losses on the surety bonds in the total sum of $168,408.22, inclusive of the Consent Judgment. Amended Complaint, ¶ 24.

---

[2] Adversary Proceeding No. 10-0062 has been dormant since the filing of the amended complaint in the instant proceeding (No. 10-0063).

*CONCLUSIONS OF LAW*

### SUBJECT MATTER JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this district pursuant to 28 U.S.C. § 1409. The instant complaint is a core proceeding, pursuant to 28 U.S.C. § 157(b).

### THE DEFENDANTS' MOTION TO DISMISS

2. Federal Rule of Civil Procedure 12(b)(6), provides for dismissal of adversary proceedings for "failure to state a claim upon which relief can be granted." *Id*.

3. "In deciding a Rule 12(b)(6) motion, 'a court evaluates the complaint in its entirety as well as documents attached to or incorporated into the complaint.'" *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

4. According to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L. Ed.2d 929, 949 (2007), a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id.*

5. A claim has "facial plausibility" when the well pleaded facts allow the court to draw a "reasonable inference" that the elements of the claim have been satisfied. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed.2d 868, 884 (2009).

6. The instant complaint lacks facial plausibility and will be dismissed for the reasons stated, *infra*.

**THIS COUNT WILL DISMISS COUNT I - DISCHARGEABILITY OF LIENS AND OTHER DEBTS UNDER THE INDEMNITY AGREEMENT**[3]

---

[3]Count I is brought pursuant to Section 523(a)(2)(A), (a)(2)(B), (a)(4) and/or (a)(6) of the Bankruptcy Code, which provides as follows:

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

\* \* \* \* \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing –

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive[.]

\* \* \* \* \*

5. Count I purports to have this Court determine that the plaintiff's judgment lien is not dischargeable. Such a determination is unnecessary because standing alone, a discharge in bankruptcy has no effect upon a prepetition lien against the debtors' property. *Matter of Cassi*, 24 B.R. 619, 626 (Bankr. N.D. Ind. (1982) ("A valid, pre-filed lien that is not otherwise avoided during the bankruptcy proceedings is not extinguished by the discharge and remains enforceable *in rem*").

6. Liens continue in effect despite the entry of a bankruptcy discharge, which discharges only a debtor's personal liability on an unpaid debt. The discharge leaves undisturbed liens secured by property of the debtor which remain enforceable against property unless they have been avoided. *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L. Ed.2d 66 (1991); *In re Hamlett*, 322 F.3d 342, 348 (4th Cir. 2003). *See also* the legislative history of Section 506 ("[Section 506(d)]

---

    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

    \*    \*    \*    \*    \*    \*

    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

11 U.S.C. § 523(a)(2)(a), (a)(2)(b), (a)(4) and (a)(6). The Amended Complaint also cited Section 523(a)(14) and (a)(14)(A), neither of which subsections the plaintiffs have connected to the facts alleged therein, as the subsections are concerned with nondischargeability of certain taxes.

permits liens to pass through the bankruptcy case unaffected." H. R. Rep. No. 95-595, 95th Cong., 1st Sess. 357 (1977), cited in 4 COLLIER ON BANKRUPTCY ¶ 524.02[2][d], fn. 82.

7. Worse yet, Count I fails to allege that the debtors committed any acts of fraud or misrepresentation in connection with the execution of the Indemnity Agreement[4] that would constitute grounds for nondischargeability, pursuant to the subsections of Bankruptcy Code Section 523, upon which the count is based.[5]

## THIS COURT WILL ALSO DISMISS COUNT II (AVOIDANCE OF THE DEED OF TRUST AS A FRAUDULENT TRANSFER)

8. When the instant complaint was filed, the plaintiffs lacked standing to bring the cause of action for avoidance of a fraudulent conveyance contained in Count II of

---

[4]The Memorandum in Support of the Motion for Summary Judgment at pages 5-6 states that the cause of action was based upon the defendants' diversion of construction trust funds: ("Such failures by the Principal constituted defaults under the Agreement of Indemnity which was executed by the Debtors by failing to use or otherwise remit construction trust funds for the Project for the purpose of paying for labor or material or completing the Project.") However, no such allegation is to be found anywhere in the complaints,

[5]The Court will not dismiss Count I on the ground that it appears to be time-barred, where it is not clear when the cause of action accrued. *See for example, O'Hara v. Kovens*, 305 Md. 280, 503 A.2d 1313 (Md. 1986) (In a different context, summary judgment precluded where the issue of when the plaintiffs possessed knowledge of the alleged cause of action is subject to genuine dispute tof material fact that required to be resolve after a trial.). The other grounds for dismissal previously started are sufficient to dismiss Count I for failure to state a cause of action for which relief can be granted, without relying on the dubious defense of limitations.

the amended complaint. In a Chapter 7 bankruptcy case, only the trustee may avoid fraudulent conveyances for two years. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 120 S.Ct. 1942, 147 L. Ed.2d 1 (2000); *Scott v. Nat'l Century Fin. Enters., Inc. (In re Baltimore Emergency Services II, Corp.)*, 432 F.3d 557, (4th Cir. 2005). From the petition date (September 23, 2009), and for the next two years (ending on September 23, 2011), only the bankruptcy trustee was empowered to avoid fraudulent conveyances. *Dixon v. Bennett*, 72 Md. App 620, 631-32, 531 A.2d 1318, 1324 (1987), cert. denied, 311 Md. 557, 536 A.2d 664 (1988):

> This Court found no case law or language in the Bankruptcy Code itself which prevents an unsecured creditor from bringing a state cause of action in state court once the trustee's two-year time limitation has passed. What the Bankruptcy Code does prohibit is a suit by an unsecured creditor to recover against fraudulent transferees after the debtor files a bankruptcy petition and until the trustee's cause of action expires.

*Id.*

9. The amended complaint is also fatally flawed because it was not brought against Weidmaier, who, as the recipient of the alleged fraudulent transfer is a necessary party to this adversary proceeding.

### THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

10. "In evaluating a summary judgment motion, a court 'must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to

10

be drawn from the underlying facts in the light most favorable to the non-movant.'" *Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 352 (4th Cir. 2007), quoting *Humboldt Express, Inc. v. The Wise Co., Inc. (In re Apex Express Corp.)*, 190 F.3d 624, 633 (4th Cir. 1999).

    11. Federal Rule of Civil Procedure 56(a) governs summary judgment motions. The rule provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

    12. "A 'genuine issue' of fact exists 'when the evidence would allow a reasonable jury to return a verdict for the nonmoving party.'" *F.D.I.C. v. Cashion*, 720 F.3d 169, 180 (4th 2013), quoting *News & Observer Publ'g Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir.2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed.2d 202 (1986)) (nonmoving party "'may not rely merely on allegations or denials in [his] own pleading' but must 'set out specific facts showing a genuine issue for trial.'").

    13. The deficiencies in the complaint enumerated above preclude the grant of summary judgment in favor of the plaintiffs.

**WHEREFORE**, the defendants' motion to dismiss will be **GRANTED**, the plaintiff's motion for summary judgment will be **DENIED** and the complaint will be **DISMISSED WITH PREJUDICE**.

**ORDER ACCORDINGLY.**

cc:    <u>ATTORNEYS FOR THE DEFENDANTS</u>:

John M. Seeberger, Esquire
Law Offices of John M. Seeberger, P.A.
100 German Hill Road
Baltimore, Maryland  21222

Zvi Guttman, Esquire
The Law Offices of Zvi Guttman, P.A.
P. O. Box 32308
Baltimore, Maryland  21282

<u>ATTORNEY FOR THE PLAINTIFFS:</u>

Michael J. Wilson, Esquire
113 Iron Furnace Court
Lewisberry, Pennsylvania  17339

<u>OTHER COUNSEL:</u>
Office of The United States Trustee
101 West Lombard Street
Suite 2625
Baltimore, Maryland  21201